**Alene NYGREN, et al., Plaintiff(s),**

v.

**UNITED STATES of America, et al., Defendant(s).**

No. C02–1156P.

United States District Court,
W.D. Washington
at Seattle.

April 11, 2003.

Dean Ralph Brett, Brett & Daugert, Bellingham, Jeffrey C Grant, Benjamin Schwartzman, the Grant Law Firm, Seattle, for Alene Nygren, Amy Steiner, Elvice Vold, Matthew Winegord, Marilyn Wright, on behalf of themselves and a Class of all others similarly situated, plaintiffs.

Maureen E Murphy, Peter Angus Winn, U.S. Attorney's Office, Seattle, Alison Nodvin Barkoff, Sheila M Lieber, U.S. Department of Justice, Civil Division Federal Programs, Washington, DC, for United States of America, Health & Human Services United States Department of, United States Centers for Medicare & Medicaid Services fka Health Care Financing Administration, Tommy G Thompson, as Secretary of the Department of Health & Human Services, defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

PECHMAN, District Judge.

The above-entitled Court, having received and reviewed.

1. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Memorandum in Support.
2. Plaintiff Class' Memorandum in Opposition to Motion to Dismiss or for Summary Judgment
3. Defendants' Reply in Further Support of Its Motion to Dismiss, or in the Alternative, for Summary Judgment.

and all exhibits and declarations attached thereto, makes the following ruling.

IT IS HEREBY ORDERED that the motion to dismiss is GRANTED, based upon a finding that the Court does not have subject matter jurisdiction in this case.

## Background

Plaintiffs are all Medicare beneficiaries who sustained injuries by way of accidents. Medicare paid a portion of the plaintiffs' medical expenses. All of the plaintiffs have either settled with their alleged tortfeasors (via the tortfeasors' insurance companies) or are seeking settlement of their claims Plaintiffs have alleged (and defendants have not controverted) that they have received a demand letter from Medicare which contains the following language.

> The purpose of this letter is to advise you of the applicability of the Medicare Secondary Payer Program in this circumstance. See 42 U.S.C. 1395y(b)(2). [W]e advised you that you would have to pay Medicare back if you received money from a third party due to your... accident which caused medical expenses for which Medicare conditionally paid. We have now been advised that you have received such proceeds.

> Medicare's regulations require that you pay Medicare back within 60 days of your receipt of settlement of insurance proceeds.

The Medicare Secondary Payer Act (MSP) forbids Medicare to pay for any item or service if "payment has been made or can reasonably be expected to be made promptly under an automobile or a liability insurance policy" 42 U.S.C. § 1395y(b)(2)(A)(ii). There is an exception to this rule—Medicare may make conditional payments "with respect to any item or service to which subparagraph (A) applies... conditioned on reimbursement..." 42 U.S.C. § 1395y(b)(2)(B)(i). In order to recover payment, the govern-

ment "may bring an action against any entity which is required or responsible .. to make payment with respect to such item or service (or any portion thereof) under a primary plan." *Id.* at (B)(₁₁). Subparagraph (A) defines "primary plan" to include "an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance, to the extent [that payment has been made or can reasonably be expected to be made promptly]." *Id.* at (A)(ii).

"Promptly" is defined by government regulation to mean 120 days. 42 CFR § 411.50.

The Medicare Act authorizes the Administrator of the United States Centers for Medicare & Medicaid Services (CMS) to make determinations regarding a beneficiary's obligation to reimburse the Medicare program under certain conditions. 42 U.S.C. § 1395ff(a). CMS is also empowered to establish a procedure though which a dissatisfied beneficiary may administratively appeal such a determination (*see* 42 C.F.R. §§ 405.701, *et seq.*, 405 801, *et seq.*), including a determination as to whether there has been a Medicare overpayment. 42 C.F.R. §§ 405.704(b)(13) & (14), 405.803. In addition, the Medicare statute authorizes CMS to waive adjustment or recovery of a Medicare overpayment "in any case where the incorrect payment has been made with respect to an individual without fault.. if such [recovery] would defeat the purposes of [the Medicare Act] or would be against equity and good conscience" 42 U.S.C. § 1395gg(c).

The Medicare Act, by virtue of 42 U.S.C. § 1395ii, incorporates the provisions of 42 U.S.C. § 405(h), which provide in relevant part.

> No findings of fact or decision of the [Secretary of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter* (emphasis added)

## Discussion

Plaintiffs have filed a putative class action lawsuit challenging Medicare's right under the Medicare Secondary Payer provisions of the Medicare Act, 42 U.S.C. § 1395y(b), to recover payments made on behalf of plaintiffs from the proceeds of plaintiffs' settlements, judgments or awards. They allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702. Defendants move this Court to dismiss plaintiffs' complaint or, in the alternative, to grant summary judgment in defendants' favor on two grounds that the Court lacks jurisdiction over plaintiffs' claims and because plaintiffs' claims are barred by *res judicata.*

### Subject Matter Jurisdiction

Plaintiffs' complaint cites 28 U.S.C. § 1331 and the Administrative Procedures Act (APA), 5 U.S.C. § 702, as the basis for subject matter jurisdiction in their complaint. Defendants claim that plaintiffs' action is governed by 42 U.S.C. § 1395ii, which incorporates the provisions of 42 U.S.C. § 405(h). The plain language of that statute precludes federal court jurisdiction in Medicare cases except where the Medicare statute grants such jurisdiction.

The exception to that prohibition is found in 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party may obtain a review of such decision by a civil action commenced within sixty days after the mailing of such notice of such decision .." This jurisdiction grant is "the sole avenue for judicial review for all 'claims]

arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Hence the government's position that plaintiffs must exhaust their administrative remedies before they can seek judicial review and that their failure to do so deprives this Court of subject matter jurisdiction over their claims.

Plaintiffs expend considerable effort in their briefing arguing the merits of their case—in essence, that Medicare has no right, under the MSP, to recover payments they have made from settlements made by beneficiaries with alleged third party tort-feasors or their insurance companies. The Court takes no position on whether the agency is entitled to reimbursement under those circumstances. The only inquiry here is whether plaintiffs are entitled to direct judicial review of that action or whether their failure to exhaust their administrative remedies prior to filing suit deprives this Court of subject matter jurisdiction over their claims.

The threshold determination must address itself to whether this lawsuit falls within the parameters of § 405(h). Although plaintiffs' briefing does not address the issue, at oral argument counsel for plaintiffs disputed that their case involves "claim[s] arising under" the Medicare Act. It is the finding of this Court that the allegations of their complaint do in fact constitute claims arising under that legislation. This finding is based on the holding of the Supreme Court in *Heckler*, wherein it was found that "claims whose substance and standing... are derived from the Medicare Act" are indeed subject to the requirements of §§ 405(g) and (h). *Id.* at 624, 104 S.Ct. 2013. Plaintiffs attempt to circumvent the strictures of § 405(h) by characterizing their litigation as not involving "claims for benefits" under the Medicare statute. Such a distinction is no more availing here than it was in *Heckler*, where

the Supreme Court "explicitly" held "that our conclusion that the claims of [respondents] are barred by § 405(h) is in no way affected by the fact that those respondents did not seek an award of benefits" *Id.* at 623, 104 S.Ct. 2013.

The Court finds that the "substance and standing" of plaintiffs' claims here are derived from the Medicare Act and that it is not relevant that the essence of plaintiffs' case does not involve a request for Medicare benefits. Their case does involve "claim[s] arising under the Medicare Act and must survive an analysis pursuant to § 405(h)." It is plaintiffs' further position that § 405(h) does not apply to their case because (1) disputes over the interpretation of the MSP require direct judicial review and (2) the administrative review which 405(g) seems to mandate would be "futile, irrelevant and an impermissible obstacle to judicial review" Plaintiffs' Memorandum in Opposition, p 11 The Court's findings are not in accordance.

Plaintiffs read the MSP to require Medicare to file a lawsuit in federal court to recoup "conditional payments." It is not apparent how the language of the statute supports this interpretation. The portion of the statute which is cited clearly states that "to recover payment, the United States *may* bring an action against any entity which is required or responsible .. [to make payment] under a primary plan .. or against any other entity .. that has received payment from that entity." 42 U.S.C. § 13957(b)(2)(B)(ii) [emphasis supplied]. There is nothing mandatory in the language and the government cites alternative methods available to Medicare for recouping money it believes is owed to the agency, e.g., direct collection and offset. In any event, plaintiffs never articulate exactly how Medicare's option of direct judicial action somehow translates into a corresponding right of direct judicial re-

view for affected beneficiaries; it is a leap the Court is not prepared to make on faith.

The case which plaintiffs cite for the proposition that "federal courts interpreting the statute have ruled that reimbursement claims are a judicial, not an administrative, function" is *Health Insurance Association of America v. Shalala*, 23 F.3d 412, 425 (D.C.Cir.1994). But *Health Insurance Association* concerned a challenge to Medicare's policies for recovering payments from third-party insurers who are not subject to the Medicare statutory scheme. The Court finds no analogy to the claims of individual beneficiaries, for whom statutory provisions have been made affording them an administrative review in the event of a dispute regarding money which the agency claims is owed to it.

A further attempt is made to exempt plaintiffs' allegations from the strictures of §§ 405(g) and (h) with the contention that, because the lawsuit does not involve "eligibility, denial, amount of benefits, or other determinations within Section 1395ff" (Plaintiffs' Memorandum in Opposition, p. 13), Congress has exempted their claims from administrative adjudication. However, Medicare's position (as evidenced in their letters to plaintiffs) is clearly this "you received an excess of benefits and we want the excess portion back." The Court finds that Medicare's demand (and plaintiffs' objection to that demand) does indeed concern "the amount of benefits under part A or part B of this subchapter" and falls within the purview of § 1395ff, and thus § 405(g).

The citation to *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623, for the proposition the Court has subject matter over this lawsuit regardless of whether plaintiffs have exhausted their administrative remedies, is not persuasive. *Bowen* held that judicial review was available (i.e.,

not completely precluded) for claims such as these (476 U.S. at 668, 106 S.Ct. 2133), an assertion which defendants have never disputed. The case does not support the position that §§ 405(g) and (h) do not apply to plaintiffs' claims; i.e., that they need not exhaust their administrative remedies before seeking judicial review.

Other supporting citations in plaintiffs' briefing are equally unavailing. *Blue Cross and Blue Shield of Texas, Inc. v. Shalala*, 995 F.2d 70 (5th Cir.1993) concerns a declaratory judgment brought by administrators of ERISA group health plans regarding whether they were obligated to offer continuation coverage to individuals who were eligible for Medicare because they had End Stage Renal Disease. The case does not involve a challenge by beneficiaries to the administration of the program, nor does it discuss the basis upon which the court found jurisdiction for its review.

■ Plaintiffs' second argument for exemption from §§ 405(g) and (h) is that channeling their claims through the administrative review process would be "futile" and therefore they are not required to do so. They cite in support of this argument the case of *Shalala v. Illinois Council on Long Term Care*, 529 U.S. 1, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000), wherein the Supreme Court observed that § 405(h) would be inapplicable "where its application to a particular category of case would not lead to a channeling of review through the agency, but would mean no review at all" *Id.* at 17, 120 S.Ct. 1084. The Court notes that the Supreme Court rejected the arguments of the *Illinois Council* claimants in this regard, specifically their argument that requiring them to exhaust their administrative remedies would "amount to the practical equivalent of a total denial of judicial review" *Id.* at 20, 120 S.Ct. 1084.

The "futility" argument put forth by plaintiffs has two prongs, neither of which is compelling. The first is that "participating in overpayment hearings would require plaintiffs to concede the point Medicare must prove." (Plaintiffs' Memorandum in Opposition, p. 16). Plaintiffs cite no further authority, statutory or otherwise, in support of this position, and it is far from obvious that this is the case. Plaintiffs are free, in the course of their administrative review process, to assert that Medicare is completely outside the scope of their authority in making this demand, and to take the position that the money which the agency seeks was not an "overpayment" or a "conditional payment" and is simply money which Medicare is not entitled to. Plaintiffs do not have to "concede" anything in first pursuing their administrative remedy.

The second prong of their "futility" argument concerns the availability of an administrative review process to address their claims and the likelihood of their success in such a venue. Plaintiffs express this argument is various ways, maintaining at one point that "no administrative procedures exist to review the plaintiff class' claims" (*Id.* at 16) and elsewhere that "the hearings offer plaintiffs no meaningful possibility of success." *Id.* at 17.

There is a well-established administrative review and appeal process in place to challenge the decisions of the agency 42 U.S.C. § 1395ff(b)(1)(A), 42 C.F.R. §§ 405.720, 405.724, 405.807, 405.821, 405.855. "[I]ndividual hardship may be mitigated.. through excusing a number of steps in the agency process, though not the step of presentment of the matter to the agency" *Illinois Council,* 529 U.S. at 23, 120 S.Ct. 1084 "[Section] 405(g) contains the nonwaivable and nonexcusable requirement that an individual a claim to the agency before raising it in court." *Id.*

at 15, 120 S.Ct. 1084. Plaintiffs have made no showing of such presentment.

Plaintiffs appear to take the position that, because they believe they cannot succeed in an administrative review process, they need not pursue it. This is not the state of the law. They argue that, because "[s]even federal courts have ruled that the Agency violates the terms of the Secondary Payer Act when it attempts to take tort settlements" (Plaintiffs' Memorandum in Opposition, p. 17), they have no hope of persuading Medicare that it is acting outside its authority and therefore no obligation to try. They cite no case authority in support of this contention, and it could just as persuasively be argued that (if plaintiffs' theory of their case is in fact correct) the weight of contrary opinion may finally topple the agency's alleged intransigence.

There is language in the cases which asserts that, where adherence to § 405(h) would have the effect of "denial of judicial review," a party may not be required to exhaust administrative remedies before filing their complaint in federal court. *Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623, *Illinois Council,* 529 U.S. 1, 120 S.Ct. 1084, 146 L.Ed.2d 1; *American Lithotripsy Society v. Thompson,* 215 F.Supp.2d 23 (D.D.C.2002). However, a reading of those cases suggests that the "denial of judicial review" which is referenced involves penalties (in terms of money and resources) which are so severe that no one would incur them for the opportunity to test the validity of the agency's ruling via the channels of administrative review. Plaintiffs have made no such claim here, and without a showing that pursuing their administrative remedy would have posed insurmountable barriers financially or otherwise the Court will not make a finding that requiring plaintiffs to adhere to

§ 405(g) would result in a denial of judicial review. Certainly the argument that they do not believe that they can prevail through an administrative review process is insufficient to qualify plaintiffs for a finding of "futility" and "denial of judicial review."

*Res Judicata*

Having found that defendants are entitled to dismissal on the grounds that no subject matter jurisdiction exists, the Court will not rule on their *res judicata* argument.

### Conclusion

Plaintiffs have not been successful in establishing that they are entitled to a waiver of the administrative exhaustion requirement applicable to them by virtue of 42 U.S.C. § 1395ii and 42 U.S.C. §§ 405(g) and (h). The issues raised by their lawsuit do constitute claims arising under the Medicare statute, there is an administrative framework in place which they must exhaust prior to judicial review and they have failed to make a showing the pursuit of their administrative remedies would amount to a denial of judicial review. On that basis, this Court is not able to exercise subject matter jurisdiction over plaintiffs' claims and they must be dismissed.

The clerk is directed to provide copies of this order to all counsel of record.