United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2004**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 03-41201
Summary Calendar

———————————

ANITA MCGOWIN,

Plaintiff-Appellant,

VERSUS

MANPOWER INTERNATIONAL, INC.; ET AL.,

Defendants,

EXXONMOBIL CHEMICAL COMPANY,
ALSO KNOWN AS EXXONMOBIL CHEMICAL INTERAMERICA, INC.;
MOBIL CHEMICAL COMPANY,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————

Before SMITH, DEMOSS and
   STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Anita McGowin appeals the dismissal of her state law fraud and conspiracy claims for failure to exhaust administrative remedies. The district court held her claims to be completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and decided, as a result, that federal jurisdiction was proper and that McGowin cannot seek relief in federal court without first pursuing an administrative remedy. Agreeing that McGowin's claims seek relief that is at the core of ERISA, we affirm the dismissal.

## I.

McGowin formerly performed services for defendant ExxonMobil Chemical Corporation ("ExxonMobil") while on the payroll of a third-party employer, ManPower International, Inc. ("ManPower"). She came to work for ManPower only after learning of a job opportunity at ExxonMobil that the company required to be filled by one of ManPower's employees rather than by a direct employee of ExxonMobil.

As a condition of obtaining employment with ManPower, McGowin signed a statement acknowledging that she was an employee only of ManPower. She received weekly paychecks and insurance benefits from ManPower. On her annual tax returns, McGowin reported ManPower as her employer. Nevertheless, she represents to the courts that she was, at all relevant times, an employee of ExxonMobil entitled to its employee benefits.

After her termination from ManPower and the end of her duties at ExxonMobil, McGowin sued ExxonMobil and ManPower in state court, alleging age discrimination, intentional infliction of emotional distress, fraud, and conspiracy to commit fraud, all in connection with the refusal to pay ERISA benefits. McGowin's theory is that ExxonMobil falsely informed her that she was not an employee of ExxonMobil and was not entitled to its employee benefits.

Defendants removed the case to federal court, citing federal question jurisdiction, then moved for summary judgment. In response, McGowin dropped all except her fraud and conspiracy-to-commit-fraud claims, asserting that she sought "to enforce ERISA through a finding that she was an ExxonMobil common-law employee and was denied her right as such to eligibility for benefits."

The district court granted summary judgment, concluding that McGowin's claims are completely preempted by ERISA § 502(a), 29 U.S.C. § 1132(a), and, consequently, are barred by her failure to exhaust administrative remedies. Taking no chances, the district court granted the motion on two alternative grounds as well: first, that the defendants validly stated a defense of conflict preemption under ERISA § 514, 29 U.S.C. § 1144; and second, that McGowin's claims are barred by Texas's statute of limitations applicable to fraud actions.[1] McGowin appeals, arguing

---

[1] A ruling on these alternative grounds would require an alternative jurisdictional basis. *See Roark v. Humana, Inc.*, 307 F.3d 298, 313 (5th Cir. 2002) (stating that a federal court may assert supplemental jurisdiction only over claims preempted by ERISA § 514), *cert. dism'd*, 124 S. Ct. 44, *and cert. granted sub nom. Aetna Health Inc.*
(continued...)

that her claims are severable from ERISA and thus are not preempted.

## II.

The district court correctly determined that McGowin's claims are completely preempted by ERISA § 502(a), 29 U.S.C. § 1132(a).[2] "[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *Haynes v. Prudential Health Care,* 313 F.3d 330, 333 (5th Cir. 2002) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). If McGowin could have brought her claim under ERISA, the cause of action is completely preempted and provides a basis for federal jurisdiction. *Roark*, 307 F.3d at 303.

McGowin seeks a form of relief provided by § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which affords a beneficiary a federal cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The common-law fraud and conspiracy count in McGowin's original complaint represents that "[a]s a proximate result of this conspiracy to deprive Plaintiff of her ERISA benefits . . . Plaintiff has suffered damages that amount to loss of retirement benefits, profit sharing benefits, yearly bonuses and medical health care in addition to other benefits that regular ExxonMobil . . . employees receive." Moreover, a court could not find fraudulent ExxonMobil's representations that McGowin is not eligible for benefits without first determining whether the statement is truthful, i.e., without clarifying her right to benefits under the plan.

McGowin may characterize her cause of action as arising under the common law of fraud, but she seeks a determination of her eligibility for benefits under an ERISA-governed plan, and she prays for relief specifically provided by § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Such a claim is completely preempted by ERISA and is removable to federal court. *Giles*, 172 F.3d at 337.[3]

The district court also correctly determined that McGowin's ERISA claims are barred by her failure to exhaust administrative remedies. "[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to

---

[1](...continued) *v. Davila*, 124 S. Ct. 462 (No. 02-1845), *and cert. granted sub nom. CIGNA HealthCare, Inc. v. Calad*, 124 S. Ct. 463 (2003) (No. 03-83). Jurisdiction is proper, because McGowin's complaint, at the time of removal, included a federal age discrimination claim brought pursuant to an Equal Employment Opportunity Commission right-to-sue letter. That claim, though abandoned, permits a district court to exercise supplemental jurisdiction over remaining state claims. *See* 28 U.S.C. § 1367(c)(3); *Mathis v. Exxon Corp.,* 302 F.3d 448, 452 n.2 (5th Cir. 2002).

[2] As a result, we do not address the court's § 514 conflict preemption and state law limitations rulings.

---

[3] *See also Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994) (finding a state tort claim for wrongful discharge completely preempted by § 502(a)).

recover benefits." *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000). McGowin does not dispute that she failed to initiate an administrative claim for benefits with ExxonMobil. Rather, she argues that her failure to do so should be excused on the ground that administrative review would be futile and that she was denied "meaningful access" to the review process.

A failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility. *Id.* at 179-80. McGowin makes no such showing. Instead, she argues that representations made to her by ExxonMobil during the course of her employment conclusively establish the company's position that she is not eligible for benefits.

In *Bourgeois*, 215 F.3d at 479, this court rejected a similar claim, reasoning that statements made by a high-ranking company officer do not conclusively show that an administrative committee would reject a claim for benefits. Similarly, statements made by ExxonMobil employees who are not responsible for adjudicating benefits claims does not show that McGowin's claim would be futile if she properly presented it for administrative review. The futility exception does not apply.

Moreover, McGowin's conclusional allegation that she was denied "meaningful access" to the administrative process is unpersuasive. She argues that she lacked the requisite information to file a claim, because her status as a third-party employee left her ineligible to receive a copy of the governing plan documents. As a result, McGowin argues, she did not know how, or to whom, her claims should be presented.

There is no indication that McGowin requested the plan documents or was told specifically that she could not obtain them.[4] Moreover, it strains credulity to think that McGowinSSwhether through counsel or notSSpossesses the sophistication to pursue a lawsuit in state and federal courts but lacks the basic capacity to ask a plan administrator for information on the filing of a claim. This contention is meritless.

The judgment of dismissal is AFFIRMED.

---

[4] And we observe, though it is not necessary to our decision, that a group of similarly situated plaintiffs managed first to pursue a similar claim using ExxonMobil's administrative procedures. *See MacLachlan v. ExxonMobil Corp.,* 350 F.3d 472 (5th Cir. 2003).