United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-61020
Summary Calendar

COLEMAN E. JOHNSON,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 3:03-CV-354-WSU)

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Reviewing the record de novo, we affirm the district court's dismissal of

Johnson's suit for lack of subject matter jurisdiction for the following reasons:

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

1. Because Johnson's claim that the Department of Health and Human Services (DHHS) is not entitled to reimbursement from his settlement proceeds requires interpretation of the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2), the claim arises under the Medicare Act. *See Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984). He is therefore required to channel the claim through the agency process and obtain a final decision from the Secretary of DHHS before he may obtain judicial review. 42 U.S.C. §§ 405(g) & (h); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10-15 (2000). Section 405(g)'s requirement that Johnson present his claim to DHHS before raising it in court is nonwaivable and nonexcusable, and his failure to so present the claim precludes federal jurisdiction under 28 U.S.C. § 1331 or § 1346. 42 U.S.C. § 405(h); *Ill. Council*, 529 U.S. at 15. That Johnson does not directly seek Medicare benefits does not bar application of § 405. *Id.* at 14-15.

2. The Administrative Procedure Act's judicial review provisions do not provide a basis for jurisdiction because § 405(h) precludes review of Johnson's claim until it has gone through the agency process. 5 U.S.C. § 701(a) (providing that the APA's judicial review provisions do not

2

apply where another statute precludes judicial review of agency action); 5 U.S.C. § 704 (providing that *final* agency actions are subject to judicial review); *Ringer*, 466 U.S. at 606 ("[A] 'final decision' is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review.").

3. DHHS's past adherence to the position that the Secondary Payer statute entitled it to reimbursement for Medicare benefits paid on behalf of claimants who later obtained tort settlements does not alone persuade us that it will not apply current controlling legal principles, including *Thompson v. Goetzmann*, 337 F.3d 489 (5th Cir. 2003), to Johnson's claim. Without more, Johnson has failed to show that presentment of his claim to DHHS would be futile. *See McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) ("A failure to show hostility or bias on the part of the [body responsible for] administrative review is fatal to a claim of futility."); *Nygren v. United States*, 268 F. Supp. 2d 1275,1280-81 (W.D. Wash. 2003) (finding that DHHS's past position that it was entitled to reimbursement of Medicare benefits paid on behalf of claimants who later obtained tort

3

settlements was insufficient to show that presentation of plaintiffs'

claims that DHHS was not so entitled to the agency would be futile).

Affirmed.