Evelyn BUCKNER, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 85–2052.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1986.

Decided Sept. 18, 1986.

F.H. Conway, Danville, Va., for appellant.

James S. Feight, Jr., Asst. Regional Atty., Dept. of Health and Human Services (James C. Newman, Acting Regional Atty., Philadelphia, Pa., John P. Alderman, U.S. Atty., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before ERVIN and WILKINSON, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

Evelyn Buckner appeals the judgment of the United States District Court for the Western District of Virginia, dismissing her declaratory judgment action on the ground that it lacked jurisdiction due to her failure to exhaust administrative remedies. We agree with the district court that she must present her claim to the Secretary of Health and Human Services (Secretary) before seeking relief in a judicial forum. Accordingly, we affirm.

## I

Buckner was involved in an automobile accident on December 6, 1982. She was admitted to Memorial Hospital of Danville, Virginia, and incurred $20,845.45 in medical expenses. The medicare program, 42 U.S.C. §§ 1395–1395zz (1983 & Supp.1986), which is administered by the Secretary, paid for $20,636.66 of those expenses. As of February 21, 1983, Buckner owed Memorial Hospital the balance of $208.79.

On February 26, 1983, Buckner's private automobile insurance carrier, Nationwide, paid Memorial Hospital $5317.76, leaving an overpayment to the hospital of $5108.97. The hospital has refused to return the overpayment to Buckner because the medicare intermediary, Blue Cross of Virginia,[1] has claimed it. On November 22, 1983, Buckner filed a declaratory judgment action against the Secretary to determine who is entitled to receive the overpayment of $5108.97. The district court concluded that the overpayment constituted disputed medicare benefits. Since Buckner had not exhausted her administrative remedies by presenting her claim for those benefits to the Secretary, the lower court dismissed the action for lack of jurisdiction.

## II

We believe that *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), is dispositive of this case. *Ringer* holds that exhaustion of administrative remedies is required for all claims arising under the Medicare Act, 42 U.S.C. §§ 1395–1395zz (1983 & Supp.1986).[2] A claim arises under the Act if it furnishes "'both the standing and the substantive basis for the presentation'" of the claim. *Ringer* at 615, 104 S.Ct. 2022 (quoting *Weinberger v. Salfi,* 422 U.S. 749, 761, 95 S.Ct. 2457, 2464, 45 L.Ed.2d 522 (1975)).

Here, there can be little doubt that Buckner's claim to the overpayment of $5108.97 does arise under the Act. First, we note that she sued the Secretary, not Nationwide, to determine who is entitled to that fund. Buckner's choice of defendant indicates her recognition that the overpaid amount should be treated as part of the medicare benefits received by the hospital, not as part of the insurance proceeds also received. Second, the Act expressly conditions the payment of medicare benefits, such as that made here, on reimbursement if payment is later made under an automobile insurance policy. 42 U.S.C. § 1395y(b)(1) (1983).[3] When Buckner's automobile insurer paid the policy proceeds, the excess payment to the hospital of $5108.97 became an overpayment of medicare benefits. At that point, the Secretary has the right to make a claim against the hospital for the overpayment. *See* 42 C.F.R. § 405.374 (1985). This the Secretary has done through her fiscal intermediary. Lastly, Buckner's claim of entitlement to the $5108.97 relies on a substantive provision of the Secretary's regulations promulgated pursuant to the Act. She asserts that she is entitled to be excepted by virtue of 42 C.F.R. § 405.-

---

1. 42 U.S.C. § 1395h (1983) authorizes the Secretary to use private agencies or organizations to facilitate payment to providers of services and to perform other necessary functions.

2. Exhaustion is required because of the provisions of 42 U.S.C. § 405(g) (1983) (made applicable to the Medicare Act by 42 U.S.C. § 1395ff(b) (Supp. 1986)), which allow judicial review only after a *final* decision by the Secretary.

3. That subsection reads, in pertinent part, as follows:

Payment under this subchapter may not be made with respect to any item or service to the extent that payment has been made, or can reasonably be expected to be made (as determined in accordance with regulations), with respect to such item or service, ... under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance. Any payment under this subchapter with respect to any item or service shall be conditioned on reimbursement to the appropriate Trust Fund established by this subchapter when notice or other information is received that payment for such item or service has been made under such ... policy, plan, or insurance.

322(d)(2)[4] from the general rule that would allow recovery from the hospital after the insurance payment. For the foregoing reasons, we must conclude that her claim arises under the Medicare Act.

Since Buckner's claim arises under the Act, she must exhaust her administrative remedies prior to seeking relief in the district court.

## III

Buckner argues that she has no administrative remedy and, alternatively, that, if she does, its pursuit would be futile.

"[T]he exhaustion requirement of [42 U.S.C.] § 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the Secretary,' ... and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Ringer* at 617, 104 S.Ct. at 2023 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)). As discussed above, Buckner's claim that she is entitled to the overpayment is, in essence, one for medicare benefits. There is no evidence in the record that she has presented this claim to the Secretary.[5] Thus, at the very least, Buckner can and, indeed, must request payment for benefits from the Secretary. We need not reach the question of whether the waivable requirement of full pursuit of administrative remedies has been met.[6]

In *Ringer*, the United States Supreme Court recognized an exception to the exhaustion requirement when further exhaustion would be futile. We believe, however, that it is applicable only as to the waivable requirement of exhaustion and does not come into play until one has first presented a claim to the Secretary. *See Ringer* at 617–19, 104 S.Ct. at 2023–25. We find both of Buckner's arguments to be unavailing.

## IV

To permit Buckner to maintain a declaratory judgment action in this instance "would allow [her] substantially to undercut Congress' carefully crafted scheme for administering the Medicare Act." *Ringer* at 621, 104 S.Ct. at 2025. If Buckner cannot intervene in the Secretary's action against the hospital for overpayment, it is unfortunate, but that fact does not give her the right to maintain this suit without waiting for the overpayment action to run its course and presenting her claim at a later time to the Secretary.[7] Exhaustion prevents premature interference with agency

---

**4.** It provides: *"Exception.* [Health Care Financing Administration] will not recover the Medicare payment if the insurance payment was actually received by the beneficiary before June 6, 1983."

Buckner's right to invoke the exception depends on a provision of the Act, 42 U.S.C. § 1395gg(a) (1983), which states that payment to a provider of services shall be regarded as payment to the individual on whose behalf the actual payment is made.

We express no opinion on the merits of Buckner's claim. One purpose of the exhaustion doctrine is to give the agency the opportunity to do that first.

**5.** Her initial request for benefits prior to the insurance company's payment cannot satisfy the exhaustion requirement because the claim was in a totally different posture at that point. Apparently, the Secretary was not aware then of a reasonable expectation that automobile insurance might pay for some of the medical services provided.

**6.** There is a serious question as to whether Buckner has an administrative remedy at this juncture. The Secretary's regulations indicate that a determination of the fact of overpayment and any amount thereof does constitute an initial determination with respect to an individual. 42 C.F.R. § 405.704(b)(13) (1985). However, the individual has no right to request reconsideration of that determination; rather, it has only a right to be made a party to the reconsideration if the provider of services requests it. 42 C.F.R. § 405.715(b) (1985).

The record here does not disclose whether or not the hospital has requested reconsideration of the fiscal intermediary's decision to claim the $5108.97. It is entirely possible that the hospital may not contest the recoupment of the overpayment. In that event, Buckner may have to wait until it is recovered by the Secretary and, then, request anew payment for the services provided by the hospital.

**7.** *See* footnote 6.

processes. *Ringer* at 619 n. 12, 104 S.Ct. at 2024 n. 12.

Having determined that Buckner's claim arises under the Medicare Act and that she has not exhausted her administrative remedies, we conclude that the district court properly dismissed her declaratory judgment action against the Secretary.

AFFIRMED.