**Dorothy BIRD, Plaintiff,**

v.

**Tommy G. THOMPSON, Secretary, Department of Health and Human Services and Empire Medicare Services, Defendants.**

No. 02 Civ. 10269(GEL).

United States District Court,
S.D. New York.

July 8, 2003.

Robert Weiss, New York, New York, for plaintiff.

Sarah E. Light, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, on the brief), for defendants.

## OPINION AND ORDER

LYNCH, District Judge.

Plaintiff seeks a declaration that the defendants do not have a claim to reimbursement for Medicare benefits she received to cover costs for accident-related injuries out of the proceeds of a subsequent personal injury settlement plaintiff received from the alleged tortfeasor's insurer. Plaintiff also seeks an order restraining the defendants from instituting any action against plaintiff for any recovery from the settlement, and seeks costs. Because the Court lacks jurisdiction over plaintiff's case, the defendants' motion to dismiss will be granted.

## BACKGROUND

The facts in this case are, at least for purposes of this motion, undisputed. On November 14, 2000, plaintiff fell and was injured in a supermarket. Plaintiff subsequently received Medicare benefits in the amount of $31,775.77 to cover the costs of treatment for those injuries. Plaintiff's personal injury action against the supermarket was settled with the supermarket's liability insurer for $110,000 in March 2002.

In April 2001, before plaintiff received the settlement, Defendant Empire Medicare Services ("Empire"), acting on behalf of defendant Secretary of the Department of Health and Human Services ("HHS" or the "Secretary"), had notified plaintiff that it claimed a right of recovery under the Medicare Secondary Provider provisions ("MSP") of the Medicare Act against any proceeds the plaintiff might recover from a personal injury action against the tortfeasor.

Upon receipt of the settlement award, plaintiff's attorney set aside sufficient funds to cover reimbursement of the Medicare benefits, and then initiated this action for a declaratory judgment that plaintiff need not reimburse HHS. As plaintiff states in her papers in opposition to the Secretary's motion to dismiss the complaint, at no time did plaintiff present to HHS the dispute over whether or not she was required to reimburse HHS for the Medicare benefits. Plaintiff now argues that she did not seek administrative relief precisely because HHS is not entitled to reimbursement from her settlement. In effect, plaintiff refused to dignify HHS's claim to reimbursement by submitting the dispute to the jurisdiction of the HHS administrative claims process.

Now, the Secretary argues that by failing to present the dispute to the administrative claims process, plaintiff failed to satisfy an indispensable prerequisite for federal subject matter jurisdiction because she did not obtain a final agency decision that may be appealed in this Court.

## DISCUSSION

■ The dispositive questions presented on this motion to dismiss are: (1) whether this case "arises under" the Medicare Act, and if so, (2) whether plaintiff has obtained a "final decision" from the agency that is appealable in a United States district court. For the reasons discussed below, the answer to the first question is "yes," and the answer to the second question is "no." Because the only issues presented here are jurisdictional, the Court takes no position on the merits of plaintiff's claims.

## II. Medicare Secondary Payer Provisions

■ The Medicare program was enacted in 1965 as a federally funded program of health insurance for the aged, the disabled, and individuals suffering from end stage renal disease. See 42 U.S.C. §§ 1395 et seq. In 1980, Congress enacted a series of statutes, commonly referred to as the Medicare Secondary Payer provisions, designed to limit the costs of the Medicare program. 42 U.S.C. § 1395y(b). See H.R.Rep. No. 96–1167 (1980) reprinted in 1980 U.S.C.C.A.N. 5526, 5752. The MSP provisions require where a Medicare beneficiary may obtain coverage for medical services from liability, automobile, or no-fault insurance, the primary payment for such services must come from those sources, leaving the Medicare program to provide benefits only as a "secondary" payer.

In essence, the MSP provisions direct that a Medicare claimant who is due money from another insurer is to look to that insurer first for payment. If the claimant can expect "prompt" payment from the primary insurer, defined as payment within 120 days, 42 C.F.R. § 411.50, then Medicare benefits will not issue. 42 U.S.C. § 1395y(b)(2)(A)(i). If the claimant cannot expect prompt payment, than Medicare will provide benefits and seek reimbursement if a primary insurer does eventually provide benefits to the claimant. 42 U.S.C. § 1395y(b)(2)(B)(i). The legislative history of the MSP provisions reveal that "it is expected that Medicare will ordinarily pay for the beneficiary's care in the usual manner and then seek reimbursement from the private insurance carrier after, and to the extent that, such carrier's liability under the private policy for the services has been determined." H.R.Rep. No. 96–1167 (1980), reprinted in 1980 U.S.C.C.A.N. at 5752.

Plaintiff asks the Court to declare that none of these provisions apply to the settlement she received from the tortfeasor's insurance carrier, and that HHS has no claim to reimbursement of the Medicare

benefits she received after her accident. The Secretary moves to dismiss her claim on jurisdictional grounds. Plaintiff claims that the Court has jurisdiction under 28 U.S.C § 1331, the general federal question jurisdiction statute. However, the Medicare Act provides that: "No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 ... of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).[1] In such cases, jurisdiction must instead be predicated on 42 U.S.C. § 405(g), which requires that a plaintiff first seek relief from the Secretary, before seeking judicial review of the administrative decision. The Secretary argues that this case arises under the Medicare Act, and that the complaint must be dismissed because plaintiff failed to meet the jurisdictional requirements of § 405(g). Plaintiff responds that this case does not arise under the Act because plaintiff challenges the entire regulatory structure of the Act.

### III. "Arising Under" the Medicare Act

Under *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), a claim arises under the Medicare Act if the Medicare Act provides both standing and the substantive basis for the claim or if the claim is "inextricably intertwined" with a claim for medical benefits under the Medicare Act. *Id.* at 614–15, 104 S.Ct. 2013. Furthermore, *Ringer* notes that the term "claims arising under" is read broadly. *Id.* at 615, 104 S.Ct. 2013. Plaintiff argues

that neither test is met here because "[s]he does not rely on the Medicare Act; she attacks the entire Medicare scheme that attempts to recover money from injured persons such as herself ... [T]he claim is not 'inextricably intertwined' with a claim for medical benefits under the Medicare Act, because there is no claim for medical benefits." (P. Mem. at 2–3.) Plaintiff argues that she merely seeks an adjudication of rights, not a Medicare benefit.

In a case with a somewhat similar posture, the Fourth Circuit ruled that an action for a declaratory judgment that Medicare had no claim to reimbursement from a plaintiff's insurance award received after Medicare had covered certain accident-related medical expenses arose under the Medicare Act. There, the treating hospital received both the Medicare payment as well as the insurance coverage payment for the same services, and was thus literally overpaid. The hospital refused to give the overpaid amount to the plaintiff. *See Buckner v. Heckler*, 804 F.2d 258 (4th Cir.1986). In essence, the court there found that because Medicare had covered certain accident-related medical costs, the insurance carrier's subsequent award to plaintiff constituted an overpayment of Medicare benefits under the Act. Thus, the court reasoned that the plaintiff's claim that she was entitled to the entire insurance award relied on an interpretation of substantive provisions of the Act, including the MSP provisions. *Id.* at 259–60. The same logic applies here.[2]

---

1. The provisions of 42 U.S.C. § 405(h) are expressly made applicable to the Medicare Act by 42 U.S.C. § 1395ii.

2. Plaintiff claims that *Buckner* does not apply because in that case, the plaintiff was attempting to recover money, and here, plaintiff seeks a rights adjudication. Pl.'s Mem. at 3. However, the distinction plaintiff attempts to draw is unpersuasive because she, like plaintiff in *Buckner*, seeks to keep both the money she received from a liability insurer as well the money she received from Medicare, which was conditional upon reimbursement. In other words, the right plaintiff seeks to have adjudicated is the right to keep the money she got from Medicare, "in essence, one for Medicare benefits." *Buckner*, 804 F.2d at 260.

Plaintiff claims that she does not seek Medicare benefits. However, she does not dispute that she *received* Medicare benefits conditioned upon potential reimbursement, nor that this lawsuit is really about her right to *keep* those monetary benefits and not reimburse the Secretary for them. The fact that the benefits were received prior to the start of this litigation, and the fact that plaintiff sues HHS and not vice versa, does not mean that the lawsuit is not about her right to a Medicare benefit.

In addition, the claim requires an interpretation of substantive provisions of the Medicare Act – including the MSP provisions concerning the right of the Medicare system to claim reimbursement from the proceeds of insurance awards. 42 U.S.C. § 1395y(b). While the plaintiff in *Buckner* affirmatively cited a provision of the Act that she claimed excused her from reimbursement, and here plaintiff denies that the Act applies, the logic is *Buckner* is still apposite to this case. Deciding the merits of plaintiff's argument that HHS does not have a right to reimbursement under the MSP provisions requires an interpretation of the Medicare Act. Whether plaintiff is right or wrong on the merits of this argument, it is an argument about the meaning and effect of the Act, and thus the dispute "arises under" the Act. Indeed, plaintiff's own suggested basis for federal jurisdiction, § 1331, applies to cases "arising under the Constitution, laws, and treaties of the United States," and plaintiff has not plausibly suggested another substantive federal law other than the Medicare Act under which the case *could* arise.

A recent district court decision from Washington applies the same logic. *See Nygren v. United States,* 268 F.Supp.2d 1275 (W.D.Wash.2003). That case was a putative class action brought by Medicare beneficiaries who had sustained accident-related injuries. All plaintiffs had settled with their alleged tortfeasors via the tortfeasor's insurance companies, and Medicare had demanded reimbursement from the settlement proceeds. Plaintiffs sued for a declaratory judgment that Medicare had no claim to reimbursement. The court dismissed for lack of jurisdiction, finding that the case involved "claim[s] arising under the Medicare Act" because, *inter alia,* Medicare's claim to reimbursement and plaintiffs' objection to that demand "does indeed concern 'the amount of benefits under Part A or Part B of this subchapter' [42 U.S.C. § 1395ff] and falls within the purview of [the administrative process described in] § 1395ff and thus § 405(g)." *Id.* at 1279.

■ Since this case arises under the Medicare Act, the burden is on plaintiff to show that she satisfies the prerequisites for federal jurisdiction under that Act.

## IV. *Exhaustion under 42 U.S.C. § 405(g)*

Indisputably, 42 U.S.C. § 405(g), "to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Ringer,* 466 U.S. at 615, 104 S.Ct. 2013, *citing Weinberger v. Salfi,* 422 U.S. 749, 760–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Section 405(g) provides that:

> Any individual, *after any final decision of the [Secretary]* made after a hearing to which he was a party ... may obtain a review of such decision by a civil action [in a district court of the United States] commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow.

(Emphasis added.)

■ The "final decision" requirement consists of two elements, one of which is waivable, and one of which is jurisdictional and nonwaivable. *Bowen v. City of*

*New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). "The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no decision of any type." *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See also Shalala v. Illinois Council on Long Term Care, Inc.,* 529 U.S. 1, 15, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) (recognizing that "[Section] 405(g) contains the nonwaivable and nonexcusable requirement that an individual present a claim to the agency before raising it in court.")

Plaintiff argues that even if Section 405(g) applies, the Court should find that the exhaustion of administrative remedies requirement is waived because the attempt to exhaust would be futile. (P. Mem. at 3.) However, "futility" permits waiver only of the waivable exhaustion element. By plaintiff's own admission, she fails to meet the nonwaivable presentment requirement.[3] *See Buckner,* 804 F.2d at 260 (dismissing for lack of jurisdiction where plaintiff had never presented her claim to the Secretary, and holding that court need not proceed to the waivable exhaustion requirement).

Here, it was apparently part of plaintiff's legal strategy to refuse to submit to the jurisdiction of the HHS administrative procedure. It is undisputed that plaintiff never presented to the Secretary her claim

to keep the entire proceeds from her personal injury settlement. Instead of filing a claim with HHS pursuant to the well-established administrative review and appeal process in place to challenge decisions of the Secretary, 42 U.S.C. § 1395ff(b), 42 C.F.R. § 405.701 *et seq.,* 405.801 *et seq.,* she filed a lawsuit in this Court. Plaintiff admits that she "is not seeking review of what would properly be an administrative decision. The plaintiff instead seeks a ruling that she is not subject to the administrative process in the first place." (P. Mem. at 1.)

Because jurisdiction under § 405(g) is predicated upon the existence of a final decision from the Secretary, and because in this case there was no such final decision because plaintiff never presented her claim to the Secretary in the first place, this Court lacks jurisdiction over plaintiff's claim. Before initiating litigation, plaintiff must at a minimum present to the Secretary her claim to keep the entire proceeds of her personal injury settlement, and not reimburse the Secretary for Medicare benefits she has received. To exercise federal jurisdiction without such a presentation "would allow [plaintiff] to substantially undercut Congress' carefully crafted scheme for administering the Medicare Act." *Heckler,* at 621, 104 S.Ct. 2013.

### CONCLUSION

For the foregoing reasons, the complaint in the above-captioned action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject

---

3. The Court notes that at least one federal court has taken jurisdiction over a case in what may have been a similar posture. *See Brown v. Thompson,* 252 F.Supp.2d 312 (E.D.Va.2003). The court in *Brown* found that plaintiff did not need to exhaust administrative remedies because exhaustion was futile, and proceeded to consider the claim on the merits. It is unclear from the text of that decision, however, whether the plaintiff had indeed presented the claim to the Secretary before initiating litigation. The opinion does state that "the parties unsuccessfully attempted to resolve this dispute short of litigation," indicating that the dispute may have been presented to the Secretary for decision in some manner before the action was brought. *Id.* at 314.

matter jurisdiction under 42 U.S.C. § 405(g). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.