Donald E. WRIGHT, Plaintiff,

v.

Kathleen SEBELIUS, Secretary of the United States Department of Health and Human Services, and Saint Elizabeth Regional Medical Center, Inc., Defendants.

No. 4:11CV3055.

United States District Court, D. Nebraska.

Sept. 7, 2011.

Robert W. Chapin, Jr., Lincoln, NE, for Plaintiff.

Paul D. Boeshart, U.S. Attorney's Office, Joel G. Lonowski, Morrow, Poppe Law Firm, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER

RICHARD G. KOPF, District Judge.

Plaintiff Donald E. Wright is a Medicare beneficiary who was injured in a motor vehicle accident that occurred in Lincoln, Nebraska, in August 2008. On or about February 23, 2011, Wright filed a lawsuit in the District Court of Lancaster County, Nebraska, against Medicare Secondary Payer Recovery Contractor ("MSPRC") and Saint Elizabeth Regional Medical Center, Inc., ("Saint Elizabeth") seeking a declaratory judgment requiring MSPRC to pay Wright's medical bills from Saint Elizabeth. On April 15, 2011, Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, removed the lawsuit to this court in accordance with 28 U.S.C. § 1441 *et seq.*[1] (Filing 1.)

Defendant Saint Elizabeth has filed a motion (filing 8) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for the reason that Plaintiff's complaint fails to request any affirmative relief from Saint Elizabeth, and the Secretary has filed a motion (filing 11) to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

### I. Background

1. Plaintiff Donald E. Wright is a Medicare beneficiary who was injured in a motor vehicle accident on August 5, 2008, allegedly as the direct and proximate result of the negligence of an underinsured motorist. (Filing 1–1, Complaint ¶¶ 5, 6.)

2. As a result of the motor vehicle accident, Plaintiff alleges that he has suffered multiple injuries, resulting in more than $200,000 in medical bills. (*Id.* ¶ 7.)

3. Plaintiff alleges that prior to the filing of this removed action in the Lancaster County District Court on February 23, 2011, he was offered the policy limits of $100,000 from the underinsured driver's insurance carrier. (*Id.* ¶ 9.)

4. Plaintiff alleges that at the time of the motor vehicle accident, Plaintiff's primary health insurance carrier was Medi-

---

1. The Secretary of Health and Human Services is the real party in interest in any litigation involving the administration of the Medicare program. 42 C.F.R. § 421.5(b) ("CMS is the real party of interest in any litigation involving the administration of the program."). "CMS" is the Centers for Medicare & Medicaid Services, a component of the United States Department of Health and Human Services. 42 C.F.R. § 400.200 (general definitions). So that the record will accurately reflect the correct status of Secretary Sebelius as the proper governmental defendant in this case, the government asks that the court enter an order directing that Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, be substituted for defendant MSPRC. Plaintiff has not objected to the government's request. I shall grant the government's request, and throughout the remainder of this opinion, I shall refer to defendant MSPRC as "the Secretary."

care, operating through its subcontracting entity, MSPRC, for which Plaintiff pays a monthly premium of $96.50, an amount which is deducted from his social security disability payment. (*Id.* ¶ 8.)

5. Defendant Saint Elizabeth Regional Medical Center, Inc., has filed a medical lien against Plaintiff in the approximate amount of $50,000, and Plaintiff contends that this filed medical lien "prevents" him from accepting the offer of the policy limits from the underinsured motorist's insurance company "because the bulk of Plaintiff's recovery will be consumed by Saint Elizabeth Regional Medical Center, Inc.'s medical lien." (*Id.* ¶ 10 (capitalization altered).)

6. Plaintiff seeks judgment from this court directing MSPRC to "pay the medical bills of Defendant Saint Elizabeth Regional Medical Center, Inc., which were incurred for the benefit of Plaintiff." (*Id.* at Prayer ¶ A (capitalization altered).)

7. A declaration has been submitted by Debra Bowman, Branch Manager for the Consortium for Financial Management and Fee for Services Operations, Medicare Operations Branch, a division of the Centers for Medicare & Medicaid Services ("CMS"). CMS is the component of the United States Department of Health & Human Services responsible for the administration of the Medicare program. Ms. Bowman is employed by CMS in the Region VIII, Denver, Colorado, regional office. (Filing 12–1, Bowman Decl. ¶¶ 1, 2.)

8. Ms. Bowman's responsibilities include supervising regional office activities that involve the Medicare secondary payer ("MSP") statute, 42 U.S.C. § 1395y(b). Pursuant to the MSP statute, Medicare payments are conditional, and Medicare is to be reimbursed when its payments on behalf of a beneficiary have been made or can reasonably be expected to be made under an automobile or liability insurance

policy. 42 U.S.C. § 1395y(b)(2). CMS employs contractors in its efforts to recover Medicare payments pursuant to the MSP statute. Among them is the Medicare Secondary Payer Recovery Contractor ("MSPRC"). (Filing 12–1, Bowman Decl. ¶¶ 3, 4.)

9. According to Ms. Bowman, her staff obtained documents from the MSPRC concerning Medicare's payments on behalf of Medicare beneficiary Donald E. Wright as the result of a motor vehicle accident on or about August 5, 2008. Included among those documents was an MSPRC letter to Donald E. Wright dated March 25, 2011. That letter, which included a Medicare Payment Summary Form, is attached to Ms. Bowman's declaration. (*Id.* ¶ 5 & Ex. A.)

10. Ms. Bowman's declaration states that claims for medical services provided to Donald E. Wright were paid for by Medicare, as shown on the Medicare Payment Summary Form. The MSPRC has preliminarily calculated Medicare payments in the amount of $36,779.38 that are subject to a claim for reimbursement. However, any claim for reimbursement by Medicare is subject to final settlement of Plaintiff's claim against a primary payer. (*Id.* ¶ 6.)

11. Pursuant to the statutory authority set forth above, CMS intends to assert, at the appropriate time, its right to recover Medicare payments made on behalf of Donald E. Wright. The amount of CMS's claim for reimbursement of Medicare payments is calculated according to 42 C.F.R. § 411.37. (*Id.* ¶ 7.)

12. Ms. Bowman has examined the relevant Medicare files and records and has concluded that Donald E. Wright has neither settled his claim against a primary payer nor initiated the administrative procedures available to contest a Medicare claim for reimbursement. (*Id.* ¶ 8.)

## II. Saint Elizabeth's Motion to Dismiss

Plaintiff's complaint, as it relates to Saint Elizabeth, merely states that Saint Elizabeth is a provider of health care services in Lincoln, Nebraska; Saint Elizabeth has filed a medical lien against Plaintiff for approximately $50,000; the medical lien prevents Plaintiff from accepting a $100,000 settlement offer from an insurance company on behalf of the motorist who allegedly caused Plaintiff's injuries; and the court should enter judgment against the Secretary "to pay the medical bills of Defendant SAINT ELIZABETH REGIONAL MEDICAL CENTER, INC., which were incurred for the benefit of Plaintiff, Donald E. Wright." (Filing 1–1 at CM/ECF p. 3.)

■ A complaint states a plausible claim for relief if its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Here, the plaintiff is demanding that MSPRC pay the medical expenses he incurred at Saint Elizabeth following the accident. The plaintiff's complaint does not allege that Saint Elizabeth is liable for any sort of misconduct, nor does it request any type of relief as to Saint Elizabeth. Therefore, the motion to dismiss (filing 8) filed on behalf of defendant Saint Elizabeth shall be granted.

## III. The Secretary's Motion to Dismiss

The Secretary has filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). (Filing 11.)

### A. Standard of Review & Consideration of Evidence Outside Pleadings

■ This court is one of limited jurisdiction where an action is presumed to lie outside the court's limited jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Additionally, the United States, as sovereign, is immune from suit except to the extent that it has consented to be sued. Any terms or limitation on the government's consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The consent must be express and unequivocal. *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349.

The burden of proving subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) falls on the plaintiff. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990). The appropriate standard for review of a Rule 12(b)(1) motion depends on whether the motion challenges the facial sufficiency or factual truthfulness of the plaintiff's jurisdictional allegations. *Osborn*, 918 F.2d at 729 n. 6; *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir.2007.)

If the defendant brings a facial attack under Rule 12(b)(1) by arguing that under the facts alleged in the complaint, the court does not have subject-matter jurisdiction, then the court will treat the factual allegations in the complaint as true and will determine whether those allegations are sufficient to establish subject-matter jurisdiction. *See Osborn*, 918 F.2d at 729 n. 6. In contrast, when a defendant makes a factual attack, the court may consider matters outside of the pleadings that relate to the existence of subject-matter jurisdiction. *See Osborn*, 918 F.2d at 729 n. 6, 730. In doing so, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th

Cir.1993). The court must dismiss the action if it determines, at any time, that it lacks subject-matter jurisdiction. Fed. R.Civ.P. 12(h)(3.)

In the present case, the government is contesting the facts surrounding whether Plaintiff has exhausted his available administrative remedies prior to commencing this suit. Thus, it is appropriate that the court consider the government's tendered factual showings, such as the Declaration of Debra Bowman described in the "Background" section above. (Filing 12–1.) *Osborn*, 918 F.2d at 730 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); Charles A. Wright, et al., 13 *Federal Practice and Procedure* § 3522 (text at n. 8) (Westlaw 2011) ("[W]hen the party opposing jurisdiction challenges the accuracy of the factual allegations and demonstrates facts showing a lack of jurisdiction—that is, when there is a 'factual challenge'—the court may go beyond the allegations of the complaint and look to relevant evidence, including affidavits and, when appropriate, testimony.").

### B. Exhaustion of Administrative Remedies

The Secretary correctly argues that this court's jurisdiction to review Plaintiff's claims is governed by 42 U.S.C. §§ 405(g) and (h), which require that Plaintiff present his claims to the Secretary and exhaust his administrative remedies before he can obtain judicial review of his cause of action.

■ *Section 405(h) of Title 42* provides: "No findings of fact or decision of the [Secretary of Health & Human Services] shall be reviewed by any . . . tribunal . . . except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Because 42 U.S.C. § 1395ii specifically incorporates the provisions of 42 U.S.C. § 405(h) into the Medicare Act, judicial review under the federal question statute, 28 U.S.C. § 1331, is precluded for claims arising under the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 604, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (42 U.S.C. § 405(h) provides "that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act"); *St. Louis Univ. v. Blue Cross Hosp. Svc.*, 537 F.2d 283, 289 (8th Cir.1976) (§ 405(h) precludes federal courts from assuming jurisdiction under § 1331 over claims seeking payments pursuant to the Medicare Act).

■ Similarly, 42 U.S.C. § 1395ff(b)(1)(A)[2] adopts into the Medicare Act the administrative exhaustion requirement set forth in 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing . . . of notice of such decision." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 5–8, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) ("most, if not all, Medicare claims" are channeled

---

**2.** This section provides in part: "[A]ny individual dissatisfied with any initial determination [regarding, among other things, the amount of benefits under part A or part B] shall be entitled to reconsideration of the de-

termination, and . . . a hearing thereon by the Secretary [of the Department of Health & Human Services] . . . and . . . to judicial review of the Secretary's final decision after such hearing." 42 U.S.C. § 1395ff(b)(1)(A.)

"through [the] special review system" set forth in 42 U.S.C. § 405(g) and (h), among other sections); *Heckler,* 466 U.S. at 604, 104 S.Ct. 2013 (judicial review of claims arising under Medicare Act available only after Secretary renders final decision on claim in manner provided in 42 U.S.C. § 405(g)). The requirement in section 405(g) that judicial review may be obtained only after a final decision by the Secretary after a hearing is "central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'" *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975.)

■■ The "final decision" requirement of § 405(g) consists of two elements—first, a nonwaivable requirement that a claim for benefits be presented to the Secretary and, second, a requirement that the administrative procedures prescribed by statute and regulations be exhausted prior to judicial review, which can be waived under certain limited circumstances. *See Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The first of these requirements, known as presentment, is nonwaivable because "[a]bsent [the submission of] a claim there can be no 'decision' of any type. And some decision by the Secretary is clearly required by [§ 405(g)]." *Id.* Moreover, the fact that a Medicare beneficiary does not yet have a "claim" to present (e.g., a beneficiary has not undergone a particular procedure or HHS has not yet taken enforcement action) does not relieve the beneficiary or provider of the obligation to satisfy the presentment requirement. *See Illinois Council,* 529 U.S. at 15, 120 S.Ct. 1084 (finding presentment requirement not satisfied in the context of pre-enforcement challenge to long-term care regulations); *Ringer,* 466 U.S. at 621–22, 104 S.Ct. 2013 (litigant seeking to establish right to fu-

ture Medicare payments should he decide to have surgery was construed as "claim arising under" Medicare Act because "any other construction would allow claimants substantially to undercut Congress' carefully crafted scheme for administering the Medicare Act"; stating that "it is not the case that Ringer has no 'claim' cognizable under § 405(g); it is that he must pursue his claim under that section in the manner which Congress has provided").

With respect to Plaintiff's claim here, *Buckner v. Heckler,* 804 F.2d 258 (4th Cir.1986), is particularly instructive. In *Buckner,* a Medicare beneficiary brought a declaratory judgment action against the Secretary of Health and Human Services alleging that she was entitled to automobile insurance proceeds her insurer had paid to a hospital at which she received medical care. *Id.* at 259. The Secretary claimed that she was entitled to recover the insurance proceeds as reimbursement for a conditional Medicare payment previously received by the hospital. *Id.* Finding *Ringer* dispositive, the Fourth Circuit Court of Appeals held that the beneficiary's claim could be brought only pursuant to 42 U.S.C. § 405(g), and that the plaintiff's failure to exhaust administrative remedies was fatal to the exercise of subject-matter jurisdiction under that provision. *Id.* at 259–60.

The court noted that the Medicare Act expressly conditions the payment of Medicare benefits on reimbursement if payment is later made under an automobile insurance policy, 42 U.S.C. § 1395y(b)(1), and the plaintiff's claim that she, rather than Medicare, was entitled to the overpayment, was "in essence [a claim] for [M]edicare benefits." *Id.* at 260. Because the plaintiff had not presented this claim to the Secretary, the court held that the claim was properly dismissed. To permit the plaintiff to maintain a declaratory judgment action, the court ruled, " 'would

allow [her] substantially to undercut Congress' carefully crafted scheme for administering the Medicare Act.'" *Id.* (quoting *Ringer,* 466 U.S. at 621, 104 S.Ct. 2013). *See also Cochran v. U.S. Health Care Financing Admin.,* 291 F.3d 775, 779–80 (11th Cir.2002) (dismissing action challenging constitutionality of Medicare secondary payor statute and regulations for failing to exhaust administrative remedies; "Until a claimant has exhausted her administrative remedies by going through the agency appeals process, a federal district court has no subject matter jurisdiction over her lawsuit seeking to 'recover on any claim arising out of' the Medicare Act."); *Great Rivers Home Care, Inc. v. Thompson,* 170 F.Supp.2d 900, 904–06 (E.D.Mo.2001) (dismissing injunctive action challenging Secretary's attempts to recoup Medicare overpayments for failure to exhaust administrative remedies).

 Although Plaintiff's complaint in the present case does not clearly allege a source of federal subject-matter jurisdiction, any allegation of subject-matter jurisdiction under 42 U.S.C. § 405(g) must fail because Plaintiff has not initiated—let alone exhausted—his administrative remedies. As indicated in the MSPRC's letter of March 25, 2011, which is attached to the supporting declaration of Debra Bowman, the MSPRC has made only a preliminary calculation of payments believed to be associated with Plaintiff's motor-vehicle accident, a calculation that is subject to Plaintiff's review for accuracy and to further additions. No demand or recovery calculation letter will be issued by the MSPRC unless and until Plaintiff settles (or otherwise resolves) his liability claim and provides settlement information to the MSPRC. In other words, despite a preliminary calculation by the MSPRC, there has been no initial determination subject to reconsideration, much less a final decision by the Secretary (as rendered after a hearing by an administrative law judge and review by the Medicare Appeals Council) subject to judicial review. *See* 42 C.F.R. § 405.904(a)(2) (Medicare beneficiary may file suit in federal district court after redetermination by Medicare contractor, hearing by ALJ, and review by Medicare Appeals Council).

Because Plaintiff has failed to satisfy the nonwaivable presentment requirement, he has failed to exhaust the administrative remedies required by § 405(g) and (h), and this court lacks subject-matter jurisdiction over this matter.[3] *Ringer,* 466 U.S. at 621, 104 S.Ct. 2013 ("Because Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the nonwaivable exhaustion requirement of § 405(g). The District Court, therefore, had no jurisdiction as to respondent Ringer.").

Accordingly,

IT IS ORDERED:

1. In order to properly reflect the real party in interest, the Clerk of Court shall

---

**3.** Plaintiff extensively quotes from and relies upon *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), arguing that exhaustion of administrative remedies is not required in the present case. (Filing 16 at CM/ECF pp. 5–8.) Plaintiff's reliance on *Bowen* is misplaced. The Court in *Bowen* recognized that there was ample Supreme Court precedent holding that exhaustion under § 405(g) has a "nonwaivable element ... that a claim for benefits shall have been presented to the Secretary." *Bow-* *en,* 476 U.S. at 483, 106 S.Ct. 2022. The government's evidentiary showing in this case establishes that Plaintiff has not presented a claim to the Secretary, and therefore has not satisfied the nonwaivable "presentment" element of exhaustion. (Filing 12–1, Bowman Decl. ¶¶ 5–8.) *See also Cochran,* 291 F.3d at 780 (judge-made exceptions to administrative exhaustion requirements "do not apply ... to a statutorily-mandated exhaustion requirement").

amend the caption by replacing defendant Medicare Secondary Payer Recovery Contractor (MSPRC) with Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, on the CM/ECF docket sheet for this case;

2. The motion (filing 8) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed on behalf of defendant Saint Elizabeth Regional Medical Center, Inc., is granted;

3. The motion (filing 11) to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) filed by the Secretary of the United States Department of Health and Human Services is granted; and

4. Judgment shall be entered by separate document.