Doris **EINHORN**, Plaintiff,

v.

**CAREPLUS HEALTH PLANS, INC.,** Defendant.

**Case No. 14–61135–CIV.**

United States District Court, S.D. Florida.

Signed Aug. 29, 2014.

Filed Sept. 3, 2014.

Marcus W. Viles, Michael Lewis Beckman, Viles & Beckman LLC, Fort Myers, FL, for Plaintiff.

Pierre Henri Bergeron, Squire Patton Boggs (U.S.) LLP, Cincinnati, OH, Kimberly J. Donovan, Squire Patton Boggs (U.S.) LLP, Miami, FL, for Defendant.

### ORDER ON MOTION TO DISMISS COMPLAINT

BETH BLOOM, District Judge.

**THIS CAUSE** has come before the Court on Defendant, Careplus Health Plans, Inc.'s ("CarePlus") Motion to Dismiss Complaint [ECF No. 5]. Plaintiff Einhorn commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, alleging that CarePlus violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter the "FCCPA") by, among other things, seeking or threatening to collect on debts that were not owed and/or by misrepresenting the amounts due. The crux of Plaintiff's complaint is that CarePlus initially sought to

recover a Medicare lien in excess of the statutorily allowed amount.

Under the Medicare Secondary Payer statutes and regulations, when another party may be responsible for a Medicare beneficiary's medical expenses, the medical expenses can be conditionally paid by Medicare (or the Medicare Advantage plan). Then, if the beneficiary recovers payments from a third party tortfeasor or a liability insurance policy, Medicare (or the Medicare Advantage plan) can seek reimbursement of the amounts it paid on behalf of the beneficiary. *See* 42 U.S.C. § 1395w–22(A)(4)(A)–(B); 42 C.F.R. § 422.108(d); 42 C.F.R. § 411.37 "The way the system is set up the beneficiary gets the health care she needs, but Medicare is entitled to reimbursement if and when the primary payer pays her." *Cochran v. U.S. Health Care Financing Admin.,* 291 F.3d 775, 777–78 (11th Cir.2002)(citing 42 U.S.C. § 1395y(b)(2)(B)(iii)). The Medicare "regulations also provide that, when Medicare is reimbursed out of a judgment or settlement, the amount of money it takes is reduced by a pro-rata share of the 'procurement costs,' which include attorney's fees of the judgment or settlement." *Id.* at 778. There is a formula for reducing the amount that may be recovered when the beneficiary received payment under a disputed claim and incurred expenses in obtaining the recovery. 42 C.F.R. § 411.37(a), (c).

In March, 2009, while she was a member of CarePlus' Medicare Advantage plan, Einhorn sustained injuries from a slip and fall. She received medical treatment for those injuries and CarePlus made conditional payments for those medical expenses. Einhorn settled a tort claim arising out of the slip and fall and CarePlus sought reimbursement of the medical expenses it paid on her behalf. Einhorn contends that CarePlus did not follow the Medicare formula for reducing the lien and consequently violated Florida's consumer protection law by demanding payment of an amount that was greater than what was due under the Medicare formula. Initially, CarePlus asserted a lien of $49,983.87, which was eventually reduced to $21,078.78 and ultimately satisfied. As a result of all of this, Einhorn seeks state law damages (actual and statutory) under FCCPA, including costs, prejudgment interest and attorney's fees.

CarePlus raises three grounds for dismissal. First, CarePlus argues that the court lacks jurisdiction over Plaintiff's claims because she failed to exhaust administrative remedies pursuant to the Medicare Act. Second, CarePlus contends that the FCCPA is preemped by federal law. Finally, CarePlus alleges that Einhorn has failed to state a claim upon which relief can be granted under the FCCPA.

"The Medicare statute requires that any lawsuit which seeks 'to recover on any claim arising under' it must first be brought through the Department of Health and Human Services' administrative appeals process before it can be taken to federal court." *Cochran,* 291 F.3d at 778–779 (citing 42 U.S.C. § 1395ii and 42 U.S.C. § 1395ff(b)(1) and 42 U.S.C. § 405(h)). When such a claim is not pursued through administrative channels, the district court lacks jurisdiction over the claim. "Subsection 405(h) prevents beneficiaries and potential beneficiaries from evading administrative review by creatively styling their benefits and eligibility claims as constitutional or statutory challenges to Medicare statutes and regulations." *United States v. Blue Cross and Blue Shield of Alabama,* 156 F.3d 1098, 1104 (11th Cir.1998).

The Supreme Court interprets the "claim arising under" language of 42 U.S.C. § 402(h) broadly. *Potts v. Rawl-*

*ings Company, LLC,* 897 F.Supp.2d 185 (S.D.N.Y.2012), citing *Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). "A claim 'arises under' the Medicare Act (1) if 'both the standing and substantive basis' for the claim is the Medicare Act, or (2) if the claim is 'inextricably intertwined' with a claim for benefits under the Medicare Act." *Potts,* 897 F.Supp.2d at 192, citing *Heckler* at 614–15, 104 S.Ct. 2013. "Claims concerning reimbursement of secondary payments are 'inextricably intertwined' with claims for benefits." *Id.,* quoting *Bird v. Thompson,* 315 F.Supp.2d 369, 372 (S.D.N.Y.2003).

■ Medicare beneficiaries must exhaust administrative remedies under the Medicare Act before filing claims involving the Medicare Secondary Payer law and the failure to so deprives the district court of jurisdiction. *Potts,* 897 F.Supp.2d 185; *Phillips v. Kaiser Found. Health Plan, Inc.,* 953 F.Supp.2d 1078, 1091, 1090 (N.D.Cal.2011); *Walters v. Leavitt,* 376 F.Supp.2d 746 (E.D.Mich.2005); *Cochran,* 291 F.3d at 779–80 (dismissing beneficiary's challenge to secondary payer claim where beneficiary conceded that claim was subject to the exhaustion of administrative remedies requirement)[1].

■ Einhorn argues that her FCCPA claim falls outside the Medicare statutes because she is not seeking money for unpaid benefits, but rather, is seeking compensation for actions that violated the Florida consumer protection laws. This is, as CarePlus contends, an untimely collateral attack on CarePlus' determination of the amount of its lien under the Medicare statutes. *See Bodimetric Health Services, Inc. v. Aetna Life & Cas.,* 903 F.2d 480, 487 (7th Cir.1990) ("A party cannot avoid

the Medicare Act's jurisdictional bar simply by styling its attack as a claim for collateral damages instead of a challenge to the underlying denial of benefits. If litigants who have been denied benefits could routinely obtain judicial review of these decisions by recharacterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely limited.")

When Einhorn first objected to the amount of the lien, her remedy under the Medicare statutes was to seek administrative review that the lien was excessive. She did not do that. Rather, her counsel asked CarePlus to reconsider and lower the amount of the lien, which it did. Einhorn cannot now seek damages against CarePlus for imposing a lien that was ultimately reduced.

■ Einhorn's failure to pursue and exhaust administrative remedies when she objected to CarePlus' initial lien amount precludes her action under FCCPA. Accordingly, this Court lacks jurisdiction over her claims. In light of this, the Court declines to address the other grounds for dismissal raised by CarePlus. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 5] to Dismiss Complaint be and the same is **GRANTED.** This cause shall stand **DISMISSED WITH PREJUDICE.** The Clerk of the Court is requested to **CLOSE THIS CASE.** Any pending motions are **DENIED.**

---

1. The *Cochran* court relied on the beneficiary's concession in dismissing the case and expressly did not decide whether a suit to avoid a secondary payer claim is subject to the administrative appeals process. *Cochran,* 291 F.3d at 779, n. 5.